UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
APPSOLEUT CODERS, LLP d/b/a
APPSOLEUT GAMES,

                       Plaintiff,

                                                                         25-cv-4696 (PKC)

           -against-                                                 ORDER

META PLATFORMS, INC. AND
INSTAGRAM, LLC,

                       Defendants.
-------------------------------------------------------x

CASTEL, U.S.D.J.

        The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

        Plaintiff Appsoleut Coders, LLP brings this action invoking subject matter jurisdiction by reason of diversity of citizenship. Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires that "all of the adverse parties in a suit be completely diverse with regard to citizenship." Handelsman v. Bedford Village Assocs. Ltd. Partnership, 213 F.3d 48, 51 (2d Cir. 2000). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989); see also Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction only' if diversity of

citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State.").

Here, the Complaint fails to adequately allege the citizenship of plaintiff Appsoleut Coders, LLP and defendant Instagram, LLC. See Herrick Co., v. SCS Communications, Inc., 251 F.3d 315, 322-23 (2d Cir. 2001) ("[I]t is well established that 'the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'"). Defendant Instagram is a limited liability company. When a complaint premised upon diversity of citizenship names a limited liability company as a party, the limited liability company takes the citizenship of each of its members. Bayerische Landesbank, New York Branch v. Aladdin Capital Management, LLC, 692 F.3d 42, 49 (2d Cir. 2012). The complaint must allege the citizenship its members, including the citizenship of natural persons as well as the place of incorporation and principal place of business of any corporate entities. See Handelsman, 213 F.3d at 51-52; Fed. R. Civ. P. Rule 8(a). The complaint fails to identify any of the members of the limited liability company and their citizenships. (Compl't ECF 1 ¶ 21.)

Plaintiff Appsoleut Coders is a limited liability partnership. For the purpose of establishing diversity, "a partnership has the citizenship of each of its partners." Herrick Co., 251 F.3d at 322. The Complaint only states that plaintiff is a limited liability partnership with a principal place of business in India. (ECF 1 ¶ 4.) If both plaintiff and defendant have parties that are an alien or foreign citizen of any country, there would be aliens on two sides of the case and the Court would not have diversity jurisdiction. Dassigienis v. Cosmos Carriers & Trading Corp., 442 F.2d 1016, 1017 (2d Cir. 1971) (per curiam).

Within fourteen (14) days of this Order, plaintiff may serve a single interrogatory upon defendant Instagram, LLC as to the citizenship of all natural persons who are its members, and, if any corporation is a member, the jurisdiction under whose laws it is incorporated and the principal place of business. Defendant shall serve its response to the interrogatory within fourteen (14) days.

Within thirty (30) days of this Order, plaintiff shall amend the Complaint with the citizenship of all parties or this action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 25, 2025