

**Kilpatrick Townsend & Stockton LLP**
ktslaw.com

1801 Century Park East
Suite 2300
Los Angeles, CA 90067

August 15, 2025

Kollin J. Zimmermann
direct dial 310 777 3755
direct fax 310 362 8756
KZimmermann@ktslaw.com

**VIA ECF**
Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

   Re: *Appsoleut Coders, LLP v. Meta Platforms, Inc.*, 1:25-cv-04696 (S.D.N.Y.):
      Request for Leave to File Motion to Transfer or Dismiss Certain Claims

Dear Judge Castel:

  We represent Defendants Meta Platforms, Inc. and Instagram, LLC (collectively "Meta"). Pursuant to Your Honor's Individual Rules of Practice, we request leave to file a motion to (1) transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a); or (2) dismiss several of Plaintiff's claims for failure to state a claim. Transfer is required because Appsoleut assented to an applicable mandatory forum selection clause in signing up for and advertising on Facebook and Instagram. If the case is not transferred, Plaintiff's state-law trademark claims and trademark cancellation claim should be dismissed pursuant to Rule 12(b)(6). No conference before the Court is currently scheduled.

  The current deadline for a responsive pleading is August 15, 2025. We propose that Meta's motion to transfer and/or dismiss be due 14 days after leave to file the motion is granted, that Plaintiff's response follow within 14 days, and that Meta's reply follow within 7 days.

**I. Plaintiff Assented to a Valid Mandatory Forum Selection Clause**

  This case should be transferred under 28 U.S.C. § 1404(a) because Appsoleut's claims are subject to the forum selection clauses in Facebook's Terms of Service, Meta's Advertising Policies, and Instagram's Terms of Use. A § 1404(a) motion "requires a two-part inquiry." *GlaxoSmithKline Biologicals, S.A. v. Hospira Worldwide, Inc.*, No. 13 CIV. 1395 PKC, 2013 WL 2244315, at *2 (S.D.N.Y. May 21, 2013) (Castel, J.) (citation omitted). First, the court must decide "whether the action to be transferred might have been brought in the transferee court." *Id.* Here, there is no question that suit could have been brought in the Northern District of California originally because both Instagram and Meta reside in that district. (Am. Compl., ECF 18, ¶¶ 15, 21.)

  Second, the Court must determine "whether considering the convenience of the parties

Hon. P. Kevin Castel
August 15, 2025
Page 2

and witnesses, and the interest of justice, a transfer is appropriate." *GlaxoSmithKline Biologicals, S.A.*, 2013 WL 2244315, at *2. However, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 64 (2013). Consequently, "a district court should ordinarily transfer the case to the forum specified in that clause" and "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Reliable Automatic Sprinkler Co. Inc. v. Sunbelt Grp. L.P.*, 472 F. Supp. 3d 64, 71 (S.D.N.Y. 2020) (quoting *Atl. Marine*, 571 U.S. at 59-62). Transfer is required here because Appsoleut is bound by Instagram's and Facebook's valid forum selection clauses, and Appsoleut cannot establish that the public interest overwhelmingly disfavors transfer.

### A. Appsoleut's Claims Are Subject to the Forum Selection Clause

A forum selection clause is "'presumptively enforceable' if the moving party can demonstrate that: (1) the clause was reasonably communicated to the party challenging enforcement; (2) the clause is mandatory, rather than permissive, in nature; and (3) the clause encompasses the plaintiff's claims." *Bent v. Zounds Hearing Franchising, LLC*, No. 15 CIV. 6555 (PAE), 2015 WL 7721838, at *4 (S.D.N.Y. Nov. 30, 2015). Each element is satisfied here.

First, the forum selection clauses included in the Instagram Terms of Use (the "Instagram Terms") and Facebook Terms of Service (the "Facebook Terms," collectively the "Terms"), and referenced in Meta's Advertising Policy ("Advertising Policy"), were reasonably communicated to Appsoleut. Meta operates the popular Instagram and Facebook websites and applications. Appsoleut, an India-based company that creates and sells mobile gaming applications, uses Instagram and Facebook to advertise its gaming services. (Am. Compl., ECF 18, ¶¶ 4, 28, 65.) In fact, Appsoleut has used Facebook's services since at least March 5, 2015, and Instagram's services since at least January 2020, when it created its respective Facebook and Instagram accounts/pages. **Exs. 1 & 2**. Moreover, Appsoleut has used Facebook's advertising services since at least March 2015, when it registered an Ad Account with Facebook, further subjecting it to Meta's Advertising Policy and the Facebook Terms.

When signing up for an Instagram or Facebook account, as is required to create or use these accounts Appsoleut was informed of, and assented to, the Instagram and Facebook Terms. **Exs. 3, 4, 5**. Courts have repeatedly found that this sign-up process sufficiently communicates Meta's Terms to users and evidences assent. *See Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 840 (S.D.N.Y. 2012) (finding terms reasonably communicated); *Castronuova v. Meta Platforms, Inc.*, No. 23-CV-7511(KAM)(AYS), 2024 WL 1623274, at *5 (E.D.N.Y. Apr. 15, 2024) (same); *We Are the People, Inc. v. Facebook, Inc.*, No. 19-CV-8871 (JMF), 2020 WL 2908260, at *2 (S.D.N.Y. June 3, 2020) (holding that plaintiff's agreement to Facebook's Terms of Service was "more than sufficient" to establish the forum selection clause was clearly communicated); *see also In re Facebook Biometric Privacy Litig.*, 185 F. Supp. 3d 1155, 1163-67 (N.D. Cal. 2016) (holding that Facebook's user registration process provides sufficient notice to create an enforceable contract); *Feld v. Postmates, Inc.*, 442 F. Supp. 3d 825, 832 (S.D.N.Y. 2020) (Castel, J.) (finding Postmates's terms were reasonably communicated and assented to upon sign-up).

Hon. P. Kevin Castel
August 15, 2025
Page 3

Second, Instagram's and Facebook's forum selection clauses are mandatory, valid, and enforceable, as multiple courts have found. *See, e.g.*, *Fteja*, 841 F. Supp. 2d at 841 (enforcing Facebook's forum selection clause); *Castronuova*, 2024 WL 1623274, at *5 (same); *Loveland v. Facebook*, No. 20-CV-6260-JMY, 2021 WL 1734800, at *5 (E.D. Pa. May 3, 2021) (same); *Dolin v. Facebook, Inc.*, 289 F. Supp. 3d 1153, 1160 (D. Haw. 2018) (same); *Thomas v. Facebook, Inc.*, No. 1:18-cv-00856-LJO-BAM, 2018 WL 3915585, at *4 (E.D. Cal. Aug. 15, 2018) (same); *Miller v. Facebook, Inc.*, No. 1:09-CV-2810-RLV, 2010 WL 9525523, at *1 (N.D. Ga. Jan. 15, 2010) (same). Appsoleut can show no reason to depart from that precedent here.

Finally, the forum selection clauses encompass Appsoleut's claims. The relevant Instagram Terms state that "you and we agree that **any cause of action** . . . between you and us **arising out of or related to** these Terms or **Instagram** . . . will be resolved exclusively in the U.S. District Court for the Northern District of California . . . ." **Ex. 6** (emphasis added). The relevant Facebook Terms similarly provide "that **any claim** . . . that arises out of **or relates to** these Terms or **your access or use of the Meta Products** shall be resolved exclusively" in the "Northern District of California." **Ex. 7** (emphasis added). The Advertising Policy further informs users that their "use of Meta's advertising products and services" is subject to the Facebook Terms, including the forum selection clause therein. **Ex. 8.** These forum selection clauses are phrased broadly and encompass Appsoleut's claims. *See, e.g., TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 379 (S.D.N.Y. 2010) (noting that the phrasing "all claims . . . that . . . relate to" the terms of an agreement *or* "the Google Program(s)" was a broad forum selection clause); *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995) (holding that the phrasing "'[a]ny claim or controversy arising out of or relating to th[e] agreement,' is the paradigm of a broad clause"). Indeed, Appsoleut alleges that the risk of consumer confusion is heightened because Appsoleut advertises on Instagram and Facebook, while Meta purportedly uses the accused mark on Instagram and Facebook. (Am. Compl., ECF 18, ¶¶ 10, 13, 34-35, 65, 68, 87.) Thus, Appsoleut's claims "relate[]" to "Instagram" and/or Appsoleut's "use of" Facebook and Instagram. *See, e.g.*, *Miller*, 2010 WL 9525523, at *2 (finding that plaintiff's copyright and trademark infringement claims against Facebook fell within the scope of Facebook's forum selection clause).

### B. Appsoleut Cannot Demonstrate that Public-Interest Factors Overwhelmingly Disfavor a Transfer

Where a valid forum selection clause applies, a court may "give no weight to the 'plaintiff's choice of forum' or the 'parties' private interests'" and "must transfer the case unless the plaintiff shows that 'public interest factors overwhelmingly disfavor transfer.'" *Glob. Facilities Managers Ltd v. Command7 Servs. Grp., LLC*, No. 24-CV-4826 (KAM) (LGD), 2024 WL 5159464, at *1 (E.D.N.Y. Dec. 18, 2024). Even then, "arguments about public-interest factors . . . will rarely defeat a transfer motion." *Castronuova*, 2024 WL 1623274, at *6 (citation omitted).

Appsoleut cannot show that the public interest overwhelmingly disfavors transfer here. The Complaint fails to allege any apparent nexus between the facts of this lawsuit and the Southern District of New York. Plaintiff itself, as an India based company, does not claim to

reside in New York. And there is no reason to believe that the Northern District of California cannot handle this matter efficiently, nor to assume that it is unfamiliar with the applicable law. *See Atl. Marine Const.*, 571 U.S. at 63 n.6 (noting public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law" (citation omitted)). In fact, the opposite is true. Forum selection clauses provide certainty and consistency for internet service providers like Meta that offer their services to millions of users for free across the globe. *See, e.g.*, *Song fi, Inc. v. Google Inc.*, 72 F. Supp. 3d 53, 64 (D.D.C. 2014) (noting that "the provisions and protections in the Terms of Service 'make it possible for YouTube to provide video hosting services for free to hundreds of millions of users around the world'"); *Kidstar v. Facebook, Inc.*, No. 2:18-CV-13558, 2020 WL 4382279, at *5 (D.N.J. July 31, 2020) ("Venue in California is further appropriate because of its strong interest in deciding controversies involving Facebook at home and the familiarity of its judges with applying California law[.]"). Finally, a transfer would also be unlikely to cause significant inconvenience to Appsoleut because it must already travel internationally for this case. *See Emblaze Ltd. v. Apple Inc.*, No. 10 CIV. 5713 PKC, 2011 WL 724275, at *2 (S.D.N.Y. Feb. 25, 2011) (Castel, J.) (granting transfer where the plaintiff was based outside the United States).

### III. Motion to Dismiss

If the Court denies the motion to transfer, the Court should dismiss Appsoleut's claims for unfair competition and dilution under New York law, as well as its trademark application cancellation claim—Counts IV, V, and VI of the Complaint—pursuant to Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Sara Designs, Inc. v. A Classic Time Watch Co. Inc.*, 234 F. Supp. 3d 548, 553 (S.D.N.Y. 2017) (citation omitted). "[N]aked assertions" or "formulaic recitation of the elements of a cause of action" do not suffice; instead, the plaintiff must plead facts sufficient to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

### A. Appsoleut Improperly Requests that the Court Sustain a Pending TTAB Opposition Proceeding.

In Count VI, Appsoleut asks the Court to hold that Meta lacks the right to register U.S. Trademark Application Serial Nos. 98073542, 98073547, 98073548, and 98073550 and enjoin Meta from pursuing registration of these applications. (Am. Compl., ECF 18, ¶¶ 198-205.) However, the Court lacks the authority to do so. *Adidas Am., Inc. v. Thom Browne Inc.*, 599 F. Supp. 3d 151, 162-63 (S.D.N.Y. 2022) ("Section 37 thus 'gives district courts authority to cancel registered marks, not pending trademark registrations.'" (citations omitted)). Because "the Lanham Act does not empower a federal district court to adjudicate a pending application to register a trademark in the first instance and direct the USPTO to cancel or refuse the application," Count IV of Appsoleut's complaint should be dismissed. *Groq, Inc. v. Groq Health, Inc.,* No. 1:23-CV-08325-MKV, 2025 WL 934938 at *4-6 (S.D.N.Y. Mar. 27, 2025).

### B. Appsoleut Fails to State a Claim for Unfair Competition Under New York Common Law

The Court should dismiss Appsoleut's New York unfair competition clause because Appsoluet fails to allege that Meta had the requisite bad faith necessary under New York law. To prevail on a claim of unfair competition under New York common law, a trademark owner must allege facts plausibly showing that the defendant acted with the specific intent to capitalize on the plaintiff's goodwill and reputation. *See Saratoga Vichy Spring Co. v. Lehman,* 625 F.2d 1037, 1044 (2d Cir. 1980). Here, Appsoleut has made only a conclusory allegation of "bad faith" generally. (Am. Compl., ECF 18, ¶¶ 86, 88, 89, 122, 123, 169, 171, 173.) This is insufficient. *See CDC Newburgh Inc. v. STM Bags, LLC*, 692 F. Supp. 3d 205, 230 (S.D.N.Y. 2023) (dismissing common law unfair competition claim because "[t]he only allegations of bad faith that Counterclaim Plaintiff offers in its counterclaims . . . are wholly conclusory," i.e., that "Counterclaim Defendants willfully intentionally, maliciously, and in bad faith infringed on the STM and DUX Trademarks"). Thus, Appsoleut's unfair competition claim should be dismissed.

### C. Appsoleut Fails to State a Claim for Trademark Dilution Under New York Law.

Appsoleut's New York trademark dilution claim should be dismissed for failure to sufficiently allege that its mark is strong. To prevail on a trademark dilution claim brought under New York law, a plaintiff must show "that it possesses a 'truly distinctive' trademark, which entails 'look[ing] to the same factors that are examined when assessing the strength of a mark in the context' of a trademark infringement claim." *GMA Accessories, Inc. v. Croscill, Inc.*, No. 06 CIV. 6236 GEL, 2008 WL 591803, at *11 (S.D.N.Y. Mar. 3, 2008) (citation omitted) (dismissing state dilution claim); *Sara Designs*, 234 F. Supp. 3d at 557 (same). Consequently, New York's dilution law protects "only extremely strong marks," and "while this does not mean that the mark must be famous, weak marks will not be subject to a dilution claim under this statute." *GMA Accessories*, 2008 WL 591803, at *11 (citation omitted). Appsoleut fails to meet this high standard, as it points solely to the number of subscribers/followers on its social media accounts and the number of downloads of its apps to support its claim of strength. (Am. Compl., ECF 18, ¶¶ 30-41.) These facts, however, are insufficient as neither supports a "plausible inference that the [] Mark is . . . sufficiently distinctive and famous in the eyes of the general public." *SMJ Grp., Inc. v. 417 Lafayette Rest. LLC,* No. 06 CIV. 1774 (GEL), 2006 WL 2516519, at *3-4 (S.D.N.Y. Aug. 30, 2006) ("Neither continuous use of a mark nor a high volume of sales is sufficient to establish a claim for dilution."). Accordingly, Appsoleut's claim of dilution under New York law should be dismissed.

For the foregoing reasons, Meta seeks leave to file a motion to transfer this matter to the Northern District of California and/or to dismiss Claims IV-VI.

Respectfully submitted,

/s/ *Kollin J. Zimmermann*

Kollin J. Zimmermann
